### CENTONI et al. v. UNITED STATES.
### No. 7350.

Circuit Court of Appeals, Ninth Circuit.
March 12, 1934.

Appeal from the District Court of the United States for the Western District of Washington, Southern Division.

Amerigo Centoni and Julio Parsano were convicted for violating the National Prohibition Act, and for carrying on a distillery without giving bond, and for making mash fit for distillation of spirits in a building other than a duly authorized distillery, and they appeal.

O. M. Pitzen, of Tacoma, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., DeWitt C. Rowland, Asst. U. S. Atty., of Tacoma, Wash.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellants were indicted in four counts of an indictment. Count I, a conspiracy count, was dismissed on motion of the government. Count IV charged violation of the National Prohibition Act. Counts II and III charged, respectively, that defendants did "knowingly, willfully, unlawfully, and feloniously carry on the business of a distiller of spirits, without having given bond as required by law," and did "knowingly, willfully, unlawfully, and feloniously make and ferment approximately two thousand (2000) gallons of a certain mash, wort, or wash, fit for distillation of spirits, in a certain building * * * not then and there a distillery duly authorized according to law," in **violation** of sections 3281 and 3282 of the Revised Statutes (26 USCA §§ 306, 307). Appellants were convicted on counts II, III, and IV.

Because of the repeal of the National Prohibition Act (27 USCA), the government admits that the sentence imposed upon count IV cannot now be executed, and that the case should therefore be reversed as to that count. See United States v. Chambers, 54 S. Ct. 434, 78 L. Ed. ——; Green v. United States (C. C. A. 9) 67 F.(2d) 846.

The only assignments of error presented for our consideration relate to the refusal of the trial court to grant a motion for continuance of the trial, which continuance was requested because of an article regarding the government's witnesses which appeared in a local newspaper on the afternoon preceding the trial. It is contended that the denial of the motion for a continuance constituted an abuse of discretion.

The newspaper article in question recites that Mr. and Mrs. Frank Narolski were expected to appear as government witnesses in the trial of appellants, scheduled to commence the following day; that Mrs. Narolski "says she allowed three men to establish a still last May near her property and use her home and buildings in their illicit business"; that the still was raided by deputy sheriffs, and Frank Narolski, her husband, was arrested and sentenced to prison; that Narolski "took the rap" for appellant Centoni; that he (Narolski) claims he was to have been paid by Centoni for his prison term, but that no pay was forthcoming, and he therefore appeared as a witness against appellants, who had been subsequently arrested for violations of the National Prohibition Act, and that "the government is depending on his and his wife's testimony to convict" appellants.

The article then concludes with a story about Narolski's daughter, who had "burst into newspaper fame by offering to sell herself to some prospective husband for a matter of $1,000 cash, which was to go to the mother and desperate family," and that "now she is scheduled to appear in the superior court soon as a complaining witness against her chosen $1,000 husband on a statutory assault charge."

It appears from the record that "the Court inquired of the jury present if any of the jurors had read the article, to which inquiry four of the jurors answered in the affirmative. Thereupon the Court directed that they be not called as jurors in the case, and that all of the members of the jury refrain from reading the article appearing on page three of the 'Tacoma Times' of June 13th, giving them the number of the article and the page upon which it appeared. The Court further admonished the jurors who had read the article not to discuss it with the other members of the jury panel who had not read the article."

Mrs. Narolski testified at the trial that appellants had come to her place and secured the permission of her husband to set up a distillery on adjacent property, and described the construction and operation of the distillery. Her testimony was corroborated by her son.

Because of the newspaper article in question, and because of the refusal of the court to grant a continuance of the trial, appellants contend that "they were forced to go to trial before a jury who had heard and read a lot in regard to the Narolski family, the main witnesses for the Government, and undoubtedly were prejudiced." Appellants cite no authority to sustain this contention, nor do they attempt to demonstrate just how or wherein they were prejudiced by the article in question and the refusal to grant a continuance. Nor do they contend that the court did not do all that it was required to do to assure the selection of an impartial jury. It is difficult to see, therefore, how appellants could have been prejudiced by the refusal of the court to grant a continuance. There is nothing in the record to show any abuse of discretion on the part of the court, and we are convinced that no prejudice did in fact result. The appeal in this respect is so wholly devoid of merit that we consider further discussion unnecessary.

Reversed and dismissed as to count IV; affirmed as to the remaining counts.